IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Case No. 3:19CR00095 |
| : | |
| v. : | |
| : | |
| **ROGER ALLAN BELLINI** : | |

## AGREED STATEMENT OF FACTS

This Agreed Statement of Facts briefly summarizes the facts and circumstances surrounding the criminal conduct of Roger Allan Bellini in order to provide an independent factual basis for his guilty plea. It does not contain all of the information obtained during the investigation and applicable to an accurate Presentence Investigation Report and Sentencing Guidelines Calculation. This Agreed Statement of Facts is not protected by proffer agreement or any other agreement, and shall be wholly admissible at trial notwithstanding any rules or statutes to the contrary, including but not limited to, Federal Rules of Evidence 408 and 410 and Federal Rule of Criminal Procedure 11.

Had this matter gone to trial, the United States would have proven each of these following facts beyond a reasonable doubt through admissible and relevant evidence.

Department of Homeland Security, Homeland Security Investigations (HSI) received information regarding an investigation initiated by Saskatchewan Police Service in Saskatchewan, Canada. This investigation led to the identification of multiple individuals, including individuals located in the United States, using Kik, an online mobile chat application, to receive and distribute child pornography images and videos to a network of other Kik users.

One such identified Kik account was username "masterpastry." Between April 9, 2016 and April 17, 2016, "masterpastry" used Kik to share images and videos of child pornography. A summons served by HSI on Kik revealed that "masterpastry" was associated with the name "Bick Mitchum" and email address rgr.bellini@gmail.com.

The investigation revealed that the internet protocol (IP) address used by "masterpastry" to share child pornography files on April 16 and 17, 2016 was owned by Cox Communications. A summons served on Cox Communications revealed that on those dates, the IP address was registered to a residence located at 6947 Wood Haven Road, Roanoke, Virginia 24019. A check of publicly available databases revealed that, along with two other individuals, the defendant, Roger Allan Bellini, resided at this residence.

On October 16, 2017, HSI executed a federal search warrant at 6947 Wood Haven Road. HSI seized multiple electronic devices from the residence, including a 500 GB Samsung hard drive, a Samsung Galaxy S4 smart phone, and a 1 TB Hitachi hard drive. A forensic examination of these devices was conducted.

HSI interviewed the defendant on October 16, 2017. The defendant admitted to using the username "masterpastry" on Kik and admitted that he would distribute images of child pornography to groups on Kik for the purpose of receiving images of child pornography within his interests in return. He admitted to using peer-to-peer software to download child pornography and to having a sexual interest in viewing 14- to 16-year-old females. He admitted to having online conversations with a minor female and that he sent the minor female pictures of his penis and also received nude photos of her. He also admitted to emailing images of child pornography to himself using his two email accounts.

HSI interviewed the defendant again on March 28, 2018. The defendant admitted to

altering the settings on his peer-to-peer software to reduce sharing in order to download files more quickly. He also admitted to online communications of a sexual nature, including sending and receiving nude photos, with multiple minor females. The defendant admitted to communicating with Minor A via video chat, beginning when she was 12 to 13 years old.

The defendant's 500 GB Samsung hard drive contained 45 folders created by the defendant that contained images and videos of minor females. One folder was titled "[Minor A][1]." The folder contained five videos of Minor A engaged in video chats with the defendant. The defendant created these videos by using screen capture software called "Debut Video Capture Software" to record his computer screen while engaged in video chats with Minor A on online chat websites that allow for simultaneous video chat and text chat. In the videos of Minor A recorded by the defendant, there are three windows visible at the same time—the window showing streaming video of Minor A, the window showing streaming video of the defendant, and the window showing their text chat.

Two of the videos of Minor A created by the defendant and saved on his hard drive contain depictions of Minor A engaging in sexually explicit conduct. In the first video, created on February 26, 2014, Minor A indicates in the text portion of the video chat program that she is masturbating. The video shows Minor A with her hand inside her pants, moving her hand. The defendant tells her in the text portion of the program, "can I see it for a second with your hand out of the way?" In response to the defendant's request, Minor A moves her hand and her genitalia is visible. The defendant is also seen masturbating in this video. At all times in the video, the viewer can see both Minor A and the defendant. The defendant saved this file and titled it "Pet and play.avi".

---

[1] The title of the folder on the defendant's hard drive was Minor A's true first and last name.

In the second video, created on February 27, 2014, Minor A is exposing her breast. At one point in the video, the defendant stands up and exposes his penis to the camera and masturbates. At all times in the video, the viewer can see both Minor A and the defendant. The defendant saved this file and titled it "Both in kitchen.avi".

Minor A has been identified by law enforcement. Minor A was 12 years old at the time these videos were produced.

The 500 GB Samsung hard drive also contained more than 70 videos of child pornography that were not produced by the defendant. These videos include a video from the "Vicky" series, a known series of child pornography. The video depicts a minor female being orally penetrated by an adult penis. Forensic examination revealed that between August 4, 2015 and September 2, 2017, at least six videos of child pornography, including the previously described video from the "Vicky" series, were accessed by the defendant.

Kik was installed on the defendant's Samsung Galaxy S4 smart phone. On February 13, 2016, the defendant used Kik to distribute a video of child pornography to a Kik group. The video depicts a minor female exposing her genitalia and masturbating. On February 25, 2016, the defendant used Kik to distribute a video of child pornography to a different Kik group. The video depicts a prepubescent minor female being orally penetrated by an adult penis.

On or about September 29, 2017, the defendant downloaded a .torrent file named "siberian_mouse_2.torrent" onto his 1 TB Hitachi hard drive. "Siberian Mouse" is a phrase associated with a specific known child pornography series. The .torrent file contained 40 video files from the "Siberian Mouse" series, some of which are child pornography. Those videos include the following:

(a): "1st-Studio Siberian Mouse (NK_006).wmv": approximately 26-minute video depicting a prepubescent minor female exposing her genitalia, manually masturbating, and inserting a sex toy into her vagina.

(b): "1st-Studio Siberian Mouse HD_97 (MSH-06).wmv": approximately 15-minute video depicting a pubescent minor female exposing her genitalia and manually masturbating.

(c): "1st-Studio Siberian Mouse Nk_007.avi": approximately seven-minute video depicting a prepubescent minor exposing her genitalia, inserting her finger into her anus, manually masturbating, and masturbating with a sex toy.Additionally, forensics of the 1 TB Hitachi hard drive reveal that ten video files in the "Siberian_mouse_2" folder were accessed on September 29, 2017, including videos depicting child pornography. Web browser activity includes keywords and URLs containing terms associated with child pornography, including "Siberian Mouse," "Vicky," "Lolita," "pedo," "Young Girls," "Forbidden Teen," "Jailbait," "PTH" (which stands for "preteen hardcore"), "PTHC" (which stands for "preteen hard core"), and "young teen suck."

At all times relevant to Counts One through Six of the indictment, and all conduct described above, the defendant resided in Roanoke, Virginia, which is in the Western District of Virginia. The defendant's 500 GB Samsung hard drive, Samsung Galaxy S4 smart phone, and 1 TB Hitachi hard drive were all manufactured outside of the Commonwealth of Virginia. The defendant used the internet to produce child pornography depicting Minor A, to communicate with Minor A, and to receive and distribute other images and videos of child pornography. Additionally, the "Vicky" series of child pornography was produced outside the Commonwealth of Virginia.

## Conclusion

The facts described above demonstrate that i) on or about February 26-27, 2014, Roger Allan Bellini used a facility of interstate or foreign commerce to knowingly persuade, induce, entice or coerce Minor A to engage in sexual activity, believing that Minor A was less than 18 years of age, and had the sexual activity actually occurred a person could have been charged with a criminal offense; and ii) between on or about August 4, 2015 and October 16, 2017 Roger Allan Bellini knowingly possessed one or more identified visual depictions of a minor engaged in sexually explicit conduct, knowing the production involved the use of a minor engaged in sexually explicit conduct, and the visual depiction traveled in or was produced using materials that traveled in interstate or foreign commerce.

Respectfully submitted,

__s/Rachel Barish Swartz_____
Rachel Barish Swartz
Assistant United States Attorney
Leslie Fisher
Trial Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Roger Allan Bellini
Defendant

I am Roger Allan Beeline's attorney. I have carefully reviewed the above Statement of Facts with

him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Seth Weston, Esq.
Counsel for Defendant