# UNITED STATES DISTRICT COURT
## Western District of Virginia

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | Case Number: DVAW719CR000095-001 |
| ROGER ALLAN BELLINI | Case Number: |
| | USM Number: 22824-084 |
| | Seth Weston, Retained |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  2 and 6 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18:2422(b) & 2427 | Coercion and Enticement of a Minor | 2/27/2014 | 2 |
| 18:2252(a)(4)(B) & 2252(b)(2 | Possess Child Pornography | 10/16/2017 | 6 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)  1, 3, 4, & 5   ☐ is   ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/4/2021
Date of Imposition of Judgment

/s/ Elizabeth K. Dillon
Signature of Judge

Elizabeth K. Dillon, United States District Judge
Name and Title of Judge

3/8/2021
Date

DEFENDANT: ROGER ALLAN BELLINI
CASE NUMBER: DVAW719CR000095-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

One Hundred Fifty (150) Months; consisting of 150 months on Count 2 and 150 months on Count 6 to run concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

1) The Defendant be housed in Petersburg to be close to his family.
2) The Defendant receive appropriate mental health evaluation, and any subsequent treatment, and sex offender treatment while incarcerated.
3) The Defendant receive appropriate substance abuse treatment while incarcerated.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____ on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 09/19 - VAW Additions 05/17)  Judgment in a Criminal Case
      Sheet 3 — Supervised Release

DEFENDANT:   ROGER ALLAN BELLINI
CASE NUMBER: DVAW719CR000095-001

Judgment-Page __3__ of __7__

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Ten (10) Years; consisting of 10 years on each Count to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. ☒ You must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution. *(check if applicable)*
3. You must not unlawfully possess a controlled substance.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19 - VAW Additions 05/17) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment-Page 4 of 7

DEFENDANT: ROGER ALLAN BELLINI
CASE NUMBER: DVAW719CR000095-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: ROGER ALLAN BELLINI
CASE NUMBER: DVAW719CR000095-001

Judgment-Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

1) Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, drug rehabilitation, sex offender treatment, and/or mental health treatment is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant shall participate in a program or programs as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program or programs.

2) The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

3) The defendant shall submit his person, property, house, residence, vehicle, papers, computers as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.

The following special conditions of supervised release are appropriate in this case. These conditions of supervised release are included after considering the nature of the instant offense, based upon the history and characteristics of the defendant, and involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D). The court's standing order No. 2018-7 (Re: Adoption of Special Conditions of Probation and Supervised 15 Release in Criminal Cases Involving Sex Offenses and in Other Appropriate Criminal Cases) dated July 27, 2018, provides conditions of supervision for defendants who are convicted of a sex offense, or whose circumstances warrant the application of certain conditions:

4) The defendant shall have no contact, direct or indirect, with any victim identified in the presentence report, or any victim's family member.

5) The defendant shall not use any computer, cellular telephone, Internet-capable device, GPS device or other device to contact a minor, gather information about a minor, or locate a minor.

6) The defendant shall submit to polygraph or any other court approved testing to monitor the defendant's compliance while on supervision.

7) The defendant shall submit to an evaluation/risk assessment by a qualified mental health professional approved by the probation officer, who is experienced in the treatment of sexual offenders. If deemed appropriate by the qualified mental health professional, the evaluation may include psychological and physiological testing (i.e. plethysmograph exams). The defendant shall take all medications reasonably related to his or her condition; complete all treatment recommendations, which may include physiological testing (i.e. polygraph exams), and abide by all rules, requirements, and conditions imposed by the treatment provider until discharged from treatment by the provider.

8) In cases involving a defendant who has used a computer, cellular device or the Internet in connection with a sex offense, the defendant may not purchase, possess, or use any computer as defined in 18 U.S.C. § 1030(e)(1), cellular telephone, or other Internet-capable device without the prior approval of the court, upon consultation with the probation officer. In cases where approval is granted by the court, use of such devices shall be conditioned on defendant's compliance with the Computer Monitoring Program authorizing the probation office to identify, monitor, access and seize any such devices under the defendant's control.

9) The defendant must immediately disclose to the probation officer all computer device(s), cellular telephone(s), or Internet-capable devices to which the defendant has access.

10) The defendant shall participate in the Computer Monitoring Program adopted by this court and comply with all of the conditions in the program's Participant Agreement. The defendant shall allow monitoring software/hardware to be installed on each computer, electronic communication device, or other Internet-capable device the defendant has access to at the defendant's expense.

11) The defendant shall allow the probation officer to monitor his or her computer activities at any time, in the lawful discharge of the officer's duties. The defendant shall allow the probation officer to seize his or her devices and storage media for further analysis by law enforcement or the probation office, if the probation officer has reasonable suspicion that the defendant has or is about to engage in unlawful conduct or violate a condition of supervision.

12) The defendant shall notify employers, family members, and others with whom the defendant has regular contact of the defendant's sex offender conditions and that the defendant is under supervision by the probation officer.

DEFENDANT: ROGER ALLAN BELLINI
CASE NUMBER: DVAW719CR000095-001

Judgment-Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|--------------------|
| TOTALS | $ 200.00   | $ 12,000.00 | $    | $                | $ 5,000.00         |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
| Lily          |              | $3,000.00           |                        |
| Violet        |              | $3,000.00           |                        |
| Jenny         |              | $3,000.00           |                        |
| April         |              | $3,000.00           |                        |
| **TOTALS**    |              | $12,000.00          |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: ROGER ALLAN BELLINI
CASE NUMBER: DVAW719CR000095-001

Judgment - Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A [X] Lump sum payment of $ 200 immediately, balance payable

    [ ] not later than _____ , or

    [X] in accordance with [ ] C, [ ] D, [ ] E, [X] F or, [ ] G below); or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, [ ] F, or [ ] G below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X] During the term of imprisonment, payment in equal monthly (e.g., weekly, monthly, quarterly) installments of $ 25 , or 50 % of the defendant's income, whichever is less , to commence 60 days (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal monthly (e.g., weekly, monthly, quarterly) installments of $ 25 during the term of supervised release, to commence 60 days (e.g., 30 or 60 days) after release from imprisonment.

G [ ] Special instructions regarding the payment of criminal monetary penalties:


Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, 210 Franklin Rd., Suite 540, Roanoke, Virginia 24011.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Any obligation to pay restitution is joint and several with other defendants, if any, against whom an order of restitution has been or will be entered.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached Order of Forfeiture.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.